```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
ADDAX BV GENEVA BRANCH,                 :
                                        :
               Plaintiff,               :      05 Civ. 9139 (JSR)
                                        :
          -v-                           :      MEMORANDUM
                                        :
EASTERN OF NEW JERSEY, INC.,            :
                                        :
               Defendant.               :
---------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

By Order dated February 26, 2006, the Court granted the motion of defendant Eastern of New Jersey, Inc. ("Eastern"), pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the first cause of action in the complaint of plaintiff Addax BV Geneva Branch ("Addax"), but denied Eastern's motion to dismiss the third cause of action. This Memorandum briefly states the reasons for these rulings.

The pertinent allegations in the complaint, taken as true for purposes of this motion, are as follows:

Addax and Eastern were parties to an oral agreement pursuant to which Eastern acted on Addax's behalf in arranging for the sale of certain petroleum products being stored at the New Haven Terminals (the "Terminal") under a storage agreement between Addax and the Terminal. Complaint ¶¶ 5-7. As of March 2004, Eastern had arranged several sales on Addax's behalf, leaving about 10,000 barrels of oil in storage at the Terminal. Complaint ¶ 8.

In the wake of a dispute between the parties, Eastern's attorney, by letter dated May 12, 2004, wrote to the Terminal instructing the Terminal not to release the oil without Eastern's

prior written consent.  Complaint ¶ 9.  In response, Addax wrote to the Terminal, asserting that it owned the oil and advising the Terminal not to take instructions from Eastern.  Id.

In acknowledgment of the dispute between them, Addax and Eastern executed an agreement on August 12, 2004 (the "August Agreement") under which the parties agreed: (a) that they would each contact the Terminal to procure the release of the oil to Eastern for sale; (b) that Addax would pay certain outstanding invoices; (c) that Eastern would reimburse plaintiff for such payments with the funds obtained from the sale of the remaining 10,000 barrels of oil; and (d) that the balance of the proceeds from the sale of the oil would be deposited into the escrow account of Eastern's attorney pending a resolution of the dispute between Addax and Eastern.  Complaint ¶ 10.  Notwithstanding this agreement, however, Eastern, after the oil was sold, refused to deposit the proceeds of the sale into an escrow account, and did not provide Addax with information regarding the sale.  Complaint ¶¶ 11-13.  Eastern also failed to respond to Addax's written demand for an accounting.  Complaint ¶ 14.

Addax's first cause of action is for an accounting.  Under applicable New York law, a party seeking an accounting must establish four conditions: "(1) relations of a mutual and confidential nature; (2) money or property entrusted to the defendant imposing upon him a burden of accounting; (3) that there is no adequate legal remedy; and (4) in some cases, a demand for an accounting and a refusal."  Pressman v. Estate of Steinborth, 860 F. Supp. 171, 179 (S.D.N.Y.

2

1994) (quoting 300 Broadway Realty Corp. v. Kommit, 35 N.Y.S.2d 205, 206 (Sup. Ct. 1962); see also Dayan Enters. Corp. v. Nautica Apparel, Inc., 2003 U.S. Dist. LEXIS 21344 (S.D.N.Y. November 25, 2003).

In the instant complaint, however, Addax, among other deficiencies, has not sufficiently pleaded that it has no "adequate legal remedy." See Kastle v. Steibel, 120 A.D.2d 868, 869 (N.Y. App. Div. 3d Dep't 1986). Although Addax seeks an accounting to establish its damages, it can make use of "familiar discovery devices[ to] obtain any information . . . it need[s] to establish its allegations as to damages." Arnold Productions, Inc. v. Favorite Films Corp., 298 F.2d 540, 542-43 (2d Cir. 1962). (Indeed, subsequent to the Court's Order of February 26, 2006, Addax did precisely that.)

As to Addax's third cause of action, for intentional interference with contractual relations, such a claim requires the pleading of four elements: (i) the existence of a valid contract; (ii) the defendant's knowledge of that contract; (iii) the defendant's intentional procurement of the breach of that contract; and (iv) damages caused by the breach. G.K.A. Beverage Corp. v. Honickman, 55 F.3d 762, 767 (2d Cir. 1995); see also Kronos, Inc. v. AVX Corp., 81 N.Y.2d 90, 94 (1993).

Although Eastern argues that Addax has not alleged a breach of the Storage Agreement by the Terminal, the complaint states plainly that Eastern's "attempt to procure the breach of the contract was successful" in that "The Terminal . . . refused to deliver the goods in accordance with Addax' instructions." Complaint ¶ 31. While Eastern also argues that, even assuming a breach of the Storage

3

Agreement occurred, Addax's damages are not a consequence of the Terminal's breach of the Storage Agreement but rather flow, if at all, from Eastern's later breach of the August Agreement, Eastern fails to cite any authority to support its position that a coerced and ill-fated second contract cannot, in the proper circumstances, constitute a consequence of an earlier breach.  Indeed, though Eastern tries to cast the August Agreement as, in effect, a settlement between the parties, nothing on the face of the agreement indicates it was intended to extinguish the parties' prior claims, and the August Agreement expressly contemplates the possibility of subsequent litigation between Addax and Eastern on at least some of the issues dividing them, stating "If no agreement has been reached by Eastern and Addax by December 31, 2004, then the amount held in escrow shall be released to Addax unless prior to that date Eastern shall have commenced legal proceedings against Addax . . . ."  Complaint, Ex. 5 ¶ 5.  Further, to the extent Eastern seeks to argue, based on extrinsic evidence, that the August Agreement constituted an accord in satisfaction of certain prior claims, this argument raises factual questions going beyond the face of the complaint and hence cannot support a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Accordingly, for the foregoing reasons, Eastern's motion to dismiss was granted with respect to Addax's cause of action for an accounting, but otherwise denied.  The parties are reminded that the trial of all remaining claims is firmly set for Monday, June 25, 2007 at 9:00 a.m.

SO ORDERED.

Dated:  New York, New York
        May 2, 2007

                                                  JED S. RAKOFF, U.S.D.J.

5